RAYMOND W. POWERS, PLAINTIFF, v. PATSY M. LORE
AND MILDRED J. LORE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided October 4, 1950.

Mr. Robert M. Dvorin, attorney for plaintiff.

Mr. Lester A. Simandl, attorney for defendants.

STEIN, J. S. C. Plaintiff brings this suit for specific performance of a contract entered into between the parties for the sale of certain property in the City of Linden, Union County. The defendants counterclaim and seek the return of the deposit paid on account of the sale and search fees and other expenses on the ground that the title to the premises is unmarketable.

Title to the property as disclosed by the record is as follows: Warranty deed from Martin Tittl and Julia his wife to Joseph Tittl dated February 1, 1917, recorded February 19, 1917, in Book 697, page 512 of Deeds for Union County; warranty deed from Martin Tittl and Julia his wife to Harold L. Powers, single, dated February 11, 1924, recorded June 17, 1924, in Book 953, page 72 of Deeds for Union County; power of attorney from Joseph M. Tittl and Anna his wife to Martin Tittl dated June 5, 1922, recorded September 9, 1926, in Book 1067, page 472 of Deeds for Union County; warranty deed from Harold E. Powers to Raymond W. Powers, the plaintiff herein, dated August 15, 1930, and recorded August 18, 1930, in Book 1213, page 37 of Deeds for Union County.

The deed from Martin Tittl and wife to Harold L. Powers makes no reference to the power of attorney and does not purport on its face to convey the premises by virtue of the power of attorney.

The defendants refuse to accept title to the premises upon the ground that the title is unmarketable. They contend that the deed from Martin Tittl and wife to Harold L. Powers is a nullity for the reason that the power of attorney was not first proved and recorded as required by *R. S.* 46:6–1, *N. J. S. A.* The pertinent part of this statute provides:

"* * * when any real estate heretofore has been or hereafter shall be sold, conveyed or disposed of by virtue of any such powers (power of attorney) or authorities as aforesaid, such powers or authorities having been first acknowledged or proved and certified and entered upon the public records in the books appropriate therefor in the proper record offices of this state, the grants and conveyances, deeds and instruments made pursuant to the powers thereby granted shall be as good, valid and sufficient titles against all and every the

constituents, employers and grantors of such powers and authorities, against all claiming or to claim estate under them severally and respectively as aforesaid, as if the constituent or constituents had then and there sold and conveyed the same real estate."

In *Administrators of Earle v. Earle,* 20 *N. J. L.* 347, at *p.* 361 (*Sup. Ct.* 1845), the court in construing a somewhat similar statute said:

"Now it cannot be pretended, that this deed was given in *pursuance of,* and in conformity with the letter of attorney. * * * and which was the only letter of attorney, then lawfully on record. And without any such letter of attorney as it recited, now lawfully on record, it is in my opinion absolutely void and inoperative *at law,* or as a legal conveyance. * * *"

And in *Tyrrell v. O'Connor,* 56 *N. J. Eq.* 448 (*E. & A.* 1897), the court said:

"The scope of this statute is the invalidation of a conveyance made under a power of attorney which shall not first have been proved and recorded. It is the conveyance, not the power of attorney, which is invalidated. The power of attorney remains valid, but not effective for the purpose of conveyance until it shall be proved and recorded."

■ The deed here in question was recorded more than two years prior to the recording of the power of attorney. "In order that a conveyance of land may be valid, when executed by an agent in writing, the power, signed and acknowledged, must be recorded." *Daybill v. Lucas,* 121 *N. J. Eq.* 580 (*E. & A.* 1937).

■ The plaintiff further contends that the deed in question has been validated and refers to a number of validating statutes affecting deeds given under powers of attorney. However, these statutes refer to deeds purporting to have been executed by virtue of a power of attorney and have no application to the instant case, since the deed here in question makes no reference to a power of attorney, nor does it purport to have been executed by virtue of any such power.

Specific performance is denied. Defendants are entitled to recover their deposit and search fees under their counterclaim.